**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0    Valuation of Security        0    Assumption of Executory Contract or Unexpired Lease        0    Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

Frank Anton Majowicz, Jr. and
Regina Louise Majowicz

Debtor(s)

Case No.: 19-23277

Judge: MBK

1st Modified
## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 11/04/2019

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/WHO    Initial Debtor: /s/FAM    Initial Co-Debtor: /s/RLM

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ __200.00__ per __month__ to the Chapter 13 Trustee, starting on __December 1, 2019__ for approximately __42__ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 202 Rivercrest Drive, Toms River, NJ 08753
Proposed date for completion: 6 months after confirmation

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,260.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

  The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bayview Loan Servicing - 1st mtg | 202 Rivercrest Drive, Toms River, NJ | Unknown | 0 | arrears to be paid at sale of real estate | |
| US BK Cust PC6, LLC Sterl.Natl - tax sale cert. | 202 Rivercrest Drive, Toms River, NJ | $361.44 | 0 | arrears to be paid at sale of real estate | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Trinity Financial Services, LLC - 2nd mtg | 202 Rivercrest Drive, Toms River, NJ | $17,750.00 | $167,910.00 | $261,163.00 | 0 | 0 | $0 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Independence Corp. | 202 Rivercrest Drive, Toms River, NJ | J-140365-2009 | $38,112.45 | $167,910.00 | $50,018.00 | $279,274.44 | total amount of lien/debt |
| Warren Merguerian | 202 Rivercrest Drive, Toms River, NJ | DJ-015924-2011 | $533.34 | $167,910.00 | $50,018.00 | $279,274.44 | total amount of lien/debt |
| Division of Taxation | 202 Rivercrest Drive, Toms River, NJ | DJ-233286-2013 | $3,434.17 | $167,910.00 | $50,018.00 | $279,274.44 | total amount of lien/debt |
| Division of Taxation | 202 Rivercrest Drive, Toms River, NJ | DJ-258055-2013 | $10,500.00 | $167,910.00 | $50,018.00 | $279,274.44 | total amount of lien/debt |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Trinity Financial Services, LLC | 202 Rivercrest Drive, Toms River, NJ | $17,750.00 | $167,910.00 | $261,163.00 | 0 | total amount of lien/debt |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims - William H. Oliver
3) Secured Claim
4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 07/08/2019                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor cannot afford plan payment - lowering plan payment | part 1c: reducing plan payment |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 11/04/2019    /s/Frank Anton Majowicz, Jr.
                    Debtor

Date: 11/04/2019    /s/Regina Louise Majowicz
                    Joint Debtor

Date: 11/04/2019    /s/ William H. Oliver, Jr.
                    Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 19-23277-MBK
Frank Anton Majowicz, Jr.                                                 Chapter 13
Regina Louise Majowicz
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2           Date Rcvd: Nov 06, 2019
                              Form ID: pdf901          Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 08, 2019.
```
db/jdb         +Frank Anton Majowicz, Jr.,    Regina Louise Majowicz,    202 Rivercrest Drive,
                 Toms River, NJ 08753-4239
r              +Daunno Realty,   1420 Hooper Avenue,    Toms River, NJ 08753-2825
br             +Pittenger Realty,    2240 Route 33,    Suite 111,   Neptune, NJ 07753-6121
r              +Pittenger Realty,    2240 Highway 33,   Neptune, NJ 07753-6121
518340845      +Bureau of Account Management,    Attn: Bankruptcy,    Po Box 538,   Howell, NJ 07731-0538
518340846      +Bureau of Account Management,    3601 Route 9 North,   Howell, NJ 07731-3395
518340849      +Independence Corporation,    c/o Robert A. Marks, Esq.,    17 Academy Street,   Suite 1101,
                 Newark, NJ 07102-2926
518340851      +New Jersey Division of Taxation,    50 Barrack Street,   Trenton, NJ 08608-2006
518446304     ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,    Department of Treasury,
                 Division of Taxation,   P.O. Box 245,   Trenton, NJ 08695-0245)
518340858      +Schiller, Knapp, Lefkowitz & Hertzel, LL,   30 Montgomery Streey,    Suite 1205,
                 Jersey City, NJ 07302-3835
518340859      +State of New Jersey,   Division of Taxation,    PO Box 245,   Trenton, NJ 08602-0245
518340861      +Traf Group Inc/A-1 Collections,    2297 State Highway 33 St,   Hamilton Square, NJ 08690-1717
518340860      +Traf Group Inc/A-1 Collections,    Attn: Bankruptcy,    2297 St Hwy 33 Ste 906,
                 Hamilton Square, NJ 08690-1717
518340862      +Trinity Financial Services, LLC,    c/o VAK M100 Fund, LLC,    224 East Jericho Turnpike,
                 Huntington Station, NY 11746-7304
518340863      +US BK Cust PC6, LLC Sterl. Natl,    50 South 16th,   Suite 2050,   Philadelphia, PA 19102-2516
518455148      +VAK M100 Fund, LLC.,   224 E. Jericho Turnpike,    South Huntington, NY 11746-7304
518340864      +Warren Merguerian, DDS,    557 Fischer Blvd,   Toms River, NJ 08753-6274
518340865      +Warren Merguerian, DDS,    c/o Robert J. Kerekes, Esq.,   109 W Bayview Drive,
                 Lavallette, NJ 08735-1206

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 06 2019 23:53:31      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 06 2019 23:53:28      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
518340843      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Nov 06 2019 23:53:54
                 Bayview Financial Loan,    Attn: Bankruptcy Dept,    4425 Ponce De Leon Blvd. 5th Floor,
                 Coral Gables, FL 33146-1873
518340844      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Nov 06 2019 23:53:54
                 Bayview Financial Loan,    4425 Ponce De Leon Blvd,    Coral Gables, FL 33146-1873
518460109      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Nov 06 2019 23:53:54
                 Bayview Loan Servicing, LLC,    4425 Ponce de Leon Blvd, 5th Floor,
                 Coral Gables, FL 33146-1837
518340848      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 07 2019 00:07:14      Capital One,
                 Po Box 30281,   Salt Lake City, UT 84130-0281
518340847      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 07 2019 00:06:26      Capital One,
                 Attn: Bankruptcy,   Po Box 30285,    Salt Lake City, UT 84130-0285
518404533      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 07 2019 00:08:45
                 Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518340850       E-mail/Text: cio.bncmail@irs.gov Nov 06 2019 23:52:51      Internal Service Revenue,
                 PO Box 7346,   Philadelphia, PA 19101-7346
518365523       E-mail/PDF: MerrickBKNotifications@Resurgent.com Nov 07 2019 00:07:11      MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
518340852      +E-mail/Text: bankruptcy@onlineis.com Nov 06 2019 23:53:58      Online Collections,
                 Attn: Bankruptcy,   Po Box 1489,   Winterville, NC 28590-1489
518340853      +E-mail/Text: bankruptcy@onlineis.com Nov 06 2019 23:53:58      Online Collections,   Pob 1489,
                 Winterville, NC 28590-1489
518340855       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 07 2019 00:08:17
                 Portfolio Recovery,   120 Corporate Blvd Ste 1,    Norfolk, VA 23502
518340854       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 07 2019 00:06:31
                 Portfolio Recovery,   Attn: Bankruptcy,    120 Corporate Blvd,   Norfold, VA 23502
518453132       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 07 2019 00:19:30
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank (usa), N.a.,    POB 41067,
                 Norfolk VA 23541
518340857      +E-mail/Text: bankruptcy@savit.com Nov 06 2019 23:54:11      SaVit Collection Agency,
                 46 W Ferris St,   East Brunswick, NJ 08816-2159
518340856      +E-mail/Text: bankruptcy@savit.com Nov 06 2019 23:54:11      SaVit Collection Agency,
                 Attn: Bankruptcy,   Po Box 250,   East Brunswick, NJ 08816-0250
                                                                                              TOTAL: 17

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Nov 06, 2019
                              Form ID: pdf901          Total Noticed: 35
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 08, 2019                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 4, 2019 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Kevin Gordon McDonald    on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              William H. Oliver, Jr.    on behalf of Joint Debtor Regina Louise Majowicz bkwoliver@aol.com,
               R59915@notify.bestcase.com
              William H. Oliver, Jr.    on behalf of Debtor Frank Anton Majowicz, Jr. bkwoliver@aol.com,
               R59915@notify.bestcase.com
                                                                                              TOTAL: 6